Attachment "A"

GENERAL PROVISIONS § 1-103:6

### § 1-103:5. Undefined terms.

The reference in UCC § 1-103 to "this Act" is a reference to the entire Code.[20]

Although the Code does not define negligence, the courts have interpreted it to mean the failure to exercise "reasonable" or "ordinary" care, which is that care which the ordinary prudent person would exercise under the circumstances.[1]

When the Code employs terms without defining them, the pre-Code definitions continue in force because not displaced.[2]

As the Code does not define "debtor," the meaning of that term is to be taken from the prior law.[3]

### § 1-103:6. Common law.

The Code is "complementary" to the common law which remains in force except where displaced by the Code.[4] "In attempting to codify a large body of law it is almost impossible to anticipate all the factual situations that may arise. And it is for this reason that courts have adopted the principle of statutory construction that a statute will not be construed so as to overrule a principle of established common law, unless it is made plain by the act that such a change in the established law is intended."[5]

A statute should be construed in harmony with the common law unless there is a clear legislative intent to abrogate the common law.[6] "Courts should be hesitant to improvise new remedies outside the already intricate scheme of Articles 3 and 4. However, this new cause of action would not interfere with that scheme but extend its principles to a situation not specifically foreseen by the drafters. The Code cannot be read to preclude a common law action."[7]

20. Bowling Green, Inc. v State Street Bank & Trust Co. (1969, DC Mass) 307 F Supp 648, affd (CA1 Mass) 425 F2d 81, 7 UCCRS 635.

1. Fidelity & Casualty Co. v Constitution Nat. Bank (1975) 167 Conn 478, 356 A2d 117.

2. Weisbart & Co. v First Nat. Bank (1978, CA5 Tex) 568 F2d 391, 23 UCCRS 797.

3. Re Hammons (1977, SD Miss) 438 F Supp 1143, 23 UCCRS 1077, revd on other grounds (CA5 Miss) 614 F2d 399, 6 BCD 187, 22 CBC 728, 28 UCCRS 857.

ley & Co. (1977) 34 NC App 689, 239 SE2d 583, 23 UCCRS 455.

5. Starkey Constr., Inc. v Elcon, Inc. (1970) 248 Ark 958, 978A, 457 SW2d 509, 7 UCCRS 923.

6. United Bank v Mesa N. O. Nelson Co. (1979) 121 Ariz 438, 590 P2d 1384, 25 UCCRS 1113.

7. Girard Bank v Mt Holly State Bank (1979, DC NJ) 474 F Supp 1225, 26 UCCRS 1210.

UCC § 3-406 does not give a depository bank a right of action against a drawer whose negligence contributed to the making of a forged indorsement, but such a